UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DORIAN WILLIS, <br><br> Petitioner, <br><br> v. <br><br> TONY TRIERWEILER, <br><br> Respondent. | Case No. 17-10390 <br> Honorable Laurie J. Michelson <br> Magistrate Judge Patricia T. Morris |

**ORDER DENYING WILLIS'S MOTION TO EXTEND STAY
AND HOLD HABEAS PETITION IN ABEYANCE [18]**

Dorian Delbert-Gerald Willis, proceeding *pro se*, filed a petition for a writ of habeas corpus on February 9, 2017. On May 31, 2018, the Court granted his motion to hold the petition in abeyance so that he could return to the state courts to exhaust additional claims. (ECF No. 16.) Willis now requests an extension of the stay to exhaust additional claims based on newly discovered evidence, which he claims he only learned about after the conclusion of his first state post-conviction proceedings. (ECF No. 18.) For the reasons given below, the Court will deny the request to extend the stay, order that the stay is lifted, and reopen this case for adjudication of the habeas petition.

**I.**

A Macomb County jury convicted Willis of arson, Mich. Comp. Laws § 750.72; domestic violence, Mich. Comp. Laws § 750.81(2); and of being a fourth-felony-habitual offender, Mich. Comp. Laws § 769.12. The Michigan Court of Appeals affirmed his convictions, and the Michigan Supreme Court denied his application for leave to appeal. *See People v. Willis*, No. 319616, 2015 WL 4064268, at *1 (Mich. Ct. App. July 2, 2015), *lv. den.*, 873 N.W.2d 583 (2016).

Willis filed a petition for writ of habeas corpus, seeking relief on the seven grounds he raised before the Michigan appellate courts on his appeal of right. (ECF No. 1.) Those claims were properly exhausted. Willis then filed a motion to hold the petition in abeyance to permit him to return to the state courts to exhaust additional claims which are not included in the current habeas petition. (ECF No. 14.) The Court granted the motion, stayed the proceedings, held the petition in abeyance, and administratively closed the case. (ECF No. 16.)

Willis filed a post-conviction motion for relief from judgment with the Macomb County Circuit Court in 2018, which was denied. The Michigan appellate courts denied leave to appeal. *People v. Willis,* No. 347549 (Mich. Ct. App. June 19, 2019); *lv. den.*, 937 N.W. 2d 651 (2020). So Willis's additional claims were exhausted on May 26, 2020, the date that the Michigan Supreme Court denied reconsideration. *People v. Willis*, 943 N.W.2d 117 (2020).

Under the terms of the order staying this case, Willis was required to move to amend his habeas petition to add these new claims within sixty days after the conclusion of the state post-conviction proceedings. (ECF No. 16, PageID.1243.) On July 22, 2020, Willis timely filed a motion to extend the stay. (ECF No. 18.) In that motion, Willis claims that, after nearly two years of state court post-judgment proceedings, he discovered "impeachment evidence and photographs" on July 15, 2020, that would support a claim that the prosecutor withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963). (ECF No. 18, PageID.1251.) Willis seeks an extension of the stay so that he can file a successive motion for relief from judgment in state court to exhaust these new claims. But Willis does not identify the nature of the new evidence or explain the nature of the *Brady* claim. (*See* ECF No. 18.) He also does not explain why this evidence was previously undiscoverable. (*Id.*)

## II.

The stay-and-abeyance procedure is appropriate only in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). However, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances, the district court should stay, rather than dismiss, the mixed petition," because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*. This Court has discretion to utilize the stay and abeyance procedure in cases, such as this, where a habeas petition contains exhausted claims and the petitioner seeks to return to the state courts to exhaust additional claims. *See, e.g., Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941-43 (E.D. Mich. 2015).

In this case, though, application of the factors does not warrant an extension of the stay. Willis's request relies on the conclusory allegation that he has just discovered impeachment evidence and a *Brady* claim. But Willis offers no supporting evidence or explanation to show the Court how these claims might have merit. The motion provides no information as to what the alleged new evidence is, the basis for any claim that it was suppressed, or that it was material to the outcome of the case. Nor does he explain why it could not have been discovered during the nearly two years of post-judgment proceedings in state court. And without having this information, it is unclear whether these unexhausted claims are related to the exhausted claims such that there would be any efficiency concerns with parallel state and federal proceedings.

Additionally, it is true that courts "should exercise caution" in finding that Michigan's general rule against successive motions for relief from judgment would bar a petitioner from

3

raising claim in state court if "it is at least debatable whether the Michigan courts would entertain th[e] claim on a second or successive motion for state postconviction relief" based on one of the exceptions under M.C.R. 6.502(G)(2). *Cunningham v. Hudson*, 756 F.3d 477, 485 (6th Cir. 2014) (quoting *Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005)). As just discussed, however, Willis's motion does not present a debatable claim for relief. To raise a successive petition for relief from judgment based on newly discovered evidence, a petitioner must show (1) new evidence that was not discoverable before the first motion, (2) good cause, and (3) actual prejudice. *People v. Swain*, 288 Mich. App. 609, 794 N.W.2d 92, 105–107 (2010) (citing MCR 6.502(G)(2)); *see also People v. Flint*, No. 321213, 2015 WL 204971, at *3 (Mich. Ct. App. Jan. 15, 2015) (reversing grant of successive motion for relief from judgment where lab report containing purportedly new evidence was known to the defendant's attorney at the time of the first motion and, even assuming the report was not discoverable at the time of his first motion for relief from judgment, the defendant failed to show "actual prejudice," which requires a showing that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal") (quoting MCR 6.508(D)(3)(b)(i)). For example, in *People v. Tower*, the Michigan Court of Appeals affirmed a defendant was not entitled to a successive motion for relief where the defendant did not show that a plea agreement between witness and government (which could impeach part of the witness's trial testimony) would likely produce a different result on retrial because the witness's testimony was largely consistent with the defendant's own admissions. *Tower*, No. 347367, 2020 WL 4726548, at *5 (Mich. Ct. App. Aug. 13, 2020). In the same case, the Court of Appeals also concluded that the defendant's *Brady* claim failed because the alleged plea deal was not "material" such that there was a reasonable probability that the result of the proceeding would have been different if prosecutors had disclosed the plea deal to the defense. *Id.* at *5 (citations omitted).

4

Willis has not provided any evidence or detailed allegations to show that he can meet the high burden for a successive motion for state postconviction relief based on any of the claims he seeks to raise. *See Cunningham*, 756 F.3d at 485.

The Court concludes that Willis has failed to demonstrate that his new proposed claims based on newly discovered evidence are meritorious or that he has shown good cause for failing to raise them sooner and therefore denies his request for an extension of the stay to exhaust them in state court.

**III.**

Accordingly, the Court hereby DENIES Willis's motion to continue the stay and hold his habeas petition in abeyance. (ECF No. 18.)

Given that the Court's original stay allowed Willis to exhausted certain claims (ECF No. 16) and he exhausted them on May 26, 2020, *see People v. Willis*, 943 N.W.2d 117 (2020), the Court ORDERS that Willis may move to amend his habeas petition to add those new claims no later than sixty days from the date of this order. Willis may not add claims based on newly discovered evidence as requested in his most recent motion. (ECF No. 18.)

Sixty days from the date of this order, which is May 7, 2021, the stay in this case will be lifted, the case will be reopened, and the Court will proceed to the merits of Willis's amended petition.

SO ORDERED.

Dated: March 8, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE